UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Edward P. Bakos
ebakos@bakoskritzer.com
Noam J. Kritzer
nkritzer@bakoskritzer.com
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260

*Counsel for Plaintiff:*
*Tele Marketers, Inc.*

| | |
|---|---|
| Tele Marketers, Inc. d/b/a<br>Creative Concepts (USA)<br>(a New Jersey corporation)<br><br>                                            Plaintiff,<br><br>v.<br><br>Inventel Products, LLC<br>(a New Jersey limited liability company)<br><br>                                            Defendant. | **CIVIL ACTION FILE NUMBER:**<br><br><br><br><br><br><br><br>*Document filed Electronically* |

**COMPLAINT FOR DECLARATORY JUDGMENT
AND DEMAND FOR JURY TRIAL**

This is an action brought under the Declaratory Judgment Act by Plaintiff Tele Marketers, Inc. d/b/a Creative Concepts (USA) ("Creative Concepts"), a New Jersey corporation, against Defendant Inventel Products, LLC ("Inventel Products" or "Defendant"), a New Jersey limited liability company. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Creative Concepts alleges as follows:

1

## THE PARTIES

1. Plaintiff Creative Concepts is a New Jersey corporation having its principal place of business at 50 Harrison Street, Suite 112, Hoboken, New Jersey 07030.

2. Upon information and belief, Defendant Inventel Products is a New Jersey limited liability company having its principal place of business at 300 Roundhill Drive, Rockaway, New Jersey 07866.

## JURISDICTION AND VENUE

3. This is a civil action for declaratory judgment brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and arises under the Constitution, laws, or treaties of the United States and 28 U.S.C. § 1338(b) as it arises out of claims for false designation of origin and unfair competition. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 2201, as it involves substantial claims arising under the Federal Declaratory Judgment Act. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Upon information and belief, personal jurisdiction is proper in this Court as to Defendant Inventel Productions because Inventel Products is a resident of this district, is organized under the laws of New Jersey, and solicits business and conducts business within the State of New Jersey. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. §1391(c).

5. Creative Concepts is a resident of this district.

## BACKGROUND

6. Creative Concepts is a developer, manufacturer, and marketer of a variety of consumer products worldwide. Creative Concepts utilizes direct to consumer television advertising for a number of its products.

7. Among the products under development by Creative Concepts is the "Cobra Cam," a dashboard-mounted or windshield-mounted personal security camera.

8. The proposed packaging for the Cobra Cam includes, in the upper right hand corner, a red box containing the words "AS SEEN ON TV" in white letters for some products that may be sold and distributed outside the United States of America. See Exhibit A.

9. Creative Concepts has not sold the Cobra Cam product.

10. Upon information and belief, the "AS SEEN ON TV" logo is a generic logo associated with products that are advertised on television. Upon information and belief, no entity has exclusive rights to the "AS SEEN ON TV" logo or the right to restrict others from using it.

11. Upon information and belief, Inventel markets and offers for sale a dashboard-mounted or windshield-mounted personal security camera under the brand name "DashCam Pro."

12. Upon information and belief, Inventel markets its DashCam Pro product with the "As Seen On TV" logo. See Exhibit B.

## THE CONFLICT

13. Upon information and belief, Inventel obtained access to Creative Concept's proposed packaging for the Cobra Cam.

14. Upon information and belief, Mr. Yasir Abdul, President of Inventel, mistakenly believed that Creative Concepts is selling the Cobra Cam with the proposed packaging in the United States.

15. On April 14, 2016, Inventel filed a complaint in the District Court for the Southern District of New York (the "SDNY Complaint") alleging, inter alia, that "Creative Concepts' sale of the Cobra Cam causes confusion and deceives consumers and results in lost sales of the

3

DashCam Pro and continues to cause great harm to Inventel's reputation." SDNY Complaint at ¶ 30. A true and correct copy of the SDNY Complaint is attached hereto as Exhibit C.

16. In the SDNY Complaint, Inventel alleges that "Creative Concepts also uses the famous mark 'Cobra' to confuse consumers as to the source or origin of the Cobra Cam. 'Cobra' is the brand name of a successful and well-known electronics company that sells dash cams. Creative Concepts' use of the 'Cobra' mark is an obvious attempt to capitalize off of Cobra's established business and reputation." Ex. C at ¶ 25.

17. Upon information and belief, Inventel does not have the right to assert a claim against Creative Concepts based on the alleged "Cobra" mark, either on Inventel's own behalf or on behalf of the purported owner of the mark.

18. On April 15, 2016, Hon. Katherine B. Forrest of the Southern District of New York issued an Order stating that Inventel's complaint "does not set out sufficient information from which the Court could determine whether venue is appropriate in this district." A true and correct copy of the Order is attached hereto as Exhibit D.

19. Upon information and belief, the complaint filed by Inventel in the Southern District of New York will be dismissed without final resolution of the underlying claims.

20. Inventel, through its actions, has placed Creative Concepts in reasonable apprehension of another suit asserting that Creative Concept's marketing and sale of the Cobra Cam unlawfully causes economic harm to Inventel.

21. Inventel, through its actions, has placed Creative Concepts in reasonable apprehension of a suit asserting that Creative Concept's marketing and sale of the Cobra Cam unlawfully infringes on a "Cobra" mark.

22. Inventel's allegations, made public by the filing of the SDNY Complaint, threaten Creative Concepts' ability to effectively market and sell the Cobra Cam.

23. Thus, there is a substantial controversy between Creative Concepts and Inventel, parties having adverse legal interests, of sufficient immediacy to warrant the issuance of a declaratory judgment.

**FIRST CLAIM FOR RELIEF**
**Declaration of No False Designation of Origin, Passing Off, or Unfair Competition**
**(15 U.S.C. § 1125(a) / Lanham Act § 43(a))**

24. Creative Concepts repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

25. Creative Concepts has not made false and/or misleading statements that the Cobra Cam is advertised and promoted on television.

26. Creative Concepts has not falsely marketed the Cobra Cam under a famous mark.

27. An actual case or controversy exists between Creative Concepts and Inventel, regarding whether or not Creative Concepts' marketing of the Cobra Cam contains false and/or misleading statements that the Cobra Cam is advertised and promoted on television.

28. An actual case or controversy exists between Creative Concepts and Inventel regarding whether or not Creative Concepts has falsely marketed the Cobra Cam under an allegedly famous mark.

29. Without declaratory relief, Creative Concepts will be irreparably harmed and damaged.

30. Creative Concepts is entitled to a judgment declaring that its marketing of the Cobra Cam does not constitute a false designation of origin, passing off, or unfair competition in violation of 15 U.S.C. § 1125(a) / Lanham Act § 43(a).

**SECOND CLAIM FOR RELIEF**
**Declaration of No Right to Allege Unfair Competition**
**(15 U.S.C. § 1125(a) / Lanham Act § 43(a))**

31. Creative Concepts repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

32. Creative Concepts has not falsely marketed the Cobra Cam under a famous mark.

33. Inventel does not have a right to allege that Creative Concepts' use of a "Cobra" mark in its marketing constitutes unfair competition.

34. An actual case or controversy exists between Creative Concepts and Inventel regarding whether or not Inventel has a right to allege Creative Concepts' use of a "Cobra" mark in its marketing constitutes unfair competition.

35. Without declaratory relief, Creative Concepts will be irreparably harmed and damaged.

36. Creative Concepts is entitled to a judgment declaring that Inventel does not have a right to allege that Creative Concepts' use of a "Cobra" mark constitutes unfair competition in violation of 15 U.S.C. § 1125(a) / Lanham Act § 43(a).

**THIRD CLAIM FOR RELIEF**
**Declaration of No Right to Allege Trademark Infringement**
**(15 U.S.C. § 1114 / Lanham Act § 32)**

37. Creative Concepts repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

38. Creative Concepts has not falsely marketed the Cobra Cam under a famous mark.

39. Inventel does not have a right to assert infringement of a famous mark by Creative Concepts' use of the term "Cobra" in its marketing.

40. An actual case or controversy exists between Creative Concepts and Inventel regarding whether or not Inventel has a right to allege infringement of a "Cobra" mark.

41. Without declaratory relief, Creative Concepts will be irreparably harmed and damaged.

42. Creative Concepts is entitled to a judgment declaring that Inventel does not have a right to assert infringement of a "Cobra" mark under 15 U.S.C. § 1114 / Lanham Act § 32.

## FOURTH CLAIM FOR RELIEF
### Declaration of No Unjust Enrichment
### (New Jersey Common Law)

43. Creative Concepts repeats and realleges each of the foregoing paragraphs by reference as if fully set forth herein.

44. Creative Concepts has not been unjustly enriched by its marketing of the Cobra Cam.

45. An actual case or controversy exists between Creative Concepts and Inventel regarding whether or not Creative Concepts has been unjustly enriched by its marketing of the Cobra Cam.

46. Without declaratory relief, Creative Concepts will be irreparably harmed and damaged.

47. Creative Concepts is entitled to a judgment declaring that Creative Concepts' marketing of the Cobra Cam has not led to an unjust enrichment.

## **PRAYER FOR RELIEF**

WHEREFORE, Creative Concepts prays that the Court enter judgment against Inventel as follows:

A. A declaration that Creative Concepts' marketing of the Cobra Cam does not constitute a false designation of origin, passing off, or unfair competition in violation of 15 U.S.C. § 1125(a) / Lanham Act § 43(a);

B. A declaration that Inventel does not have a right to allege that Creative Concepts' use of a "Cobra" mark constitutes unfair competition in violation of 15 U.S.C. § 1125(a) / Lanham Act § 43(a);

C. A declaration that Inventel does not have a right to assert infringement of a "Cobra" mark under 15 U.S.C. § 1114 / Lanham Act § 32;

D. A declaration that Creative Concepts' marketing of the Cobra Cam has not led to an unjust enrichment;

E. An award to Creative Concepts of its costs, attorney fees, and expenses; and

F. That Creative Concepts be awarded such other and further relief as this Court deems proper and just.

## **DEMAND FOR JURY TRIAL**

Creative Concepts hereby demands a trial by jury of all issues properly triable to a jury in this case.


Respectfully submitted April 25, 2016,     s/ Edward P. Bakos

                                                          Edward P. Bakos
                                                            ebakos@bakoskritzer.com
                                                            Noam J. Kritzer
                                                            nkritzer@bakoskritzer.com
                                                          **Bakos & Kritzer**
                                                          147 Columbia Turnpike
                                                          Florham Park, New Jersey 07932
                                                          Telephone: 908-273-0770
                                                          Facsimile: 973-520-8260

                                                          *Counsel for Plaintiff:*
                                                          *Tele Marketers, Inc.*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Creative Concepts, by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that at least some of the matters in controversy are the subject of *Inventel Prods. LLC v. Creative Concepts (USA) a/k/a Tele Marketers, Inc. a/k/a Tee Vee Brands (USA),* Action No. 1:16-cv-02803-KBF (SDNY) (Complaint filed Apr. 14, 2016).

Respectfully submitted April 25, 2016,    s/ Edward P. Bakos

Edward P. Bakos
  ebakos@bakoskritzer.com
Noam J. Kritzer
  nkritzer@bakoskritzer.com
**Bakos & Kritzer**
147 Columbia Turnpike
Florham Park, New Jersey 07932
Telephone: 908-273-0770
Facsimile: 973-520-8260

*Counsel for Plaintiff:*
*Tele Marketers, Inc.*