NOT FOR PUBLICATION                                                                                    CLOSE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELE MARKETERS, INC. d/b/a CREATIVE CONCEPTS (USA), | |
| Plaintiff, | OPINION |
| v. | Civ. No. 16-2316 (WHW)(CLW) |
| INVENTEL PRODUCTS, LLC, | |
| Defendant. | |

**Walls, Senior District Judge**

This action arises out of a dispute between Plaintiff Tele Marketers, Inc., d/b/a Creative Concepts (USA) ("Creative Concepts") and Defendant Inventel Products, LLC over advertisements for dashboard-mounted video cameras. Defendant moves to dismiss the complaint or, in the alternative, to consolidate it with another action in this district. Decided without oral argument under Fed. R. Civ. Pr. 78, Defendant's motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Creative Concepts is a New Jersey corporation that markets consumer products using "direct to consumer television advertising." Compl. ECF No. 1 ¶¶ 1, 6. It has developed a dashboard-mounted video camera called the "Cobra Cam," and has proposed packaging for the product that contains the words "as seen on TV." *Id.* ¶¶ 7-8. Inventel is a New Jersey corporation that sells a different dashboard-mounted video camera that it calls the "DashCam Pro." *Id.* ¶ 11. Inventel has claimed that Creative Concepts's plans to market and package the Cobra Cam will cause confusion and impacts sales of the DashCam Pro. *Id.* ¶¶ 15-17.

1

Inventel filed an action against Creative Concepts on April 14, 2016 in the Southern District of New York, alleging false designation of origin, unfair competition, and violations of New York law. *See Inventel Prods., LLC v. Creative Concepts (USA)*, No. 16-cv-2803 (S.D.N.Y.), Compl. ECF No. 1. In that action, Judge Forrest ruled that the complaint did not sufficiently allege that venue was appropriate in the Southern District of New York and ordered Inventel to submit allegations showing that venue was proper by April 26, 2016. *Id.*, ECF No. 8. On April 25, 2016, Creative Concepts filed this action seeking a declaratory judgment that its marketing and the packaging of its "Cobra Cam" product did not harm Inventel under various legal theories. *See generally* Compl. On April 26, 2016, Inventel filed a letter in its S.D.N.Y. action giving notice that it planned to voluntarily dismiss that action under Rule 41(a)(1)(A)(i) and refile in the District of New Jersey. *See Inventel* (S.D.N.Y.) ECF No. 9. Inventel dismissed that action on April 28, 2016 and refiled an action in this District on May 2, 2016. *Id.*, ECF No 10; *see Inventel Prods. v. Creative Concepts*, No. 16-cv-2451 (MCA) (D.N.J.). Its May 2 complaint brings claims for false designation of origin and unfair competition as well as violations of New Jersey law. *Id.* ECF No. 1 ¶ 1.

There are now two actions between the parties in this District: Creative Concepts's earlier-filed declaratory judgment action in this Court, and Inventel's later-filed coercive action before Judge Arleo. On June 8, 2016, Creative Concepts answered Inventel's complaint in the coercive action. No. 16-cv-2451 ECF No. 8. On June 13, 2016, Inventel filed this motion, seeking to dismiss this action. *See* Mot. to Dismiss, ECF No. 6.

## STANDARD OF REVIEW

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), allows a court to enter a declaratory judgment by providing that, in "a case of actual controversy within its jurisdiction, . . . any court

of the United States . . . may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought." The Act serves to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974). A declaratory judgment is appropriate where a "determination of legal obligations would . . . strongly affect present behavior, have present consequences, and resolve a present dispute." *ACandS, Inc. v. Aetna Cas. and Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981). District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

A district court "has the authority to manage its docket to promote conservation of judicial resources and to prevent duplicative litigation." *Unitronics, Inc. v. Robotics Parking Systems Inc.*, No. 9-cv-3493, 2010 WL 2545169 at *3 (D.N.J. June 18, 2010), *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."). Two actions are duplicative if the issues presented "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 333 n. 6 (3d Cir. 2007) (internal quotations omitted). Under the first-filed rule, a district court may "enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). The first-filed rule is not a mandate, and district courts have

discretion to "retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Id.* at 972.

## DISCUSSION

Inventel argues that these actions are duplicative and that the declaratory judgment action should be dismissed to conserve resources and avoid the possibility of conflicting decisions. Mot. to Dismiss Br. at 4. Creative Concepts does not dispute that the cases are duplicative but instead argues that the coercive action should be consolidated into this case. Opp. Br. at 5-6.

The Court will not exercise its discretion to hear Plaintiff's declaratory judgment action because it is duplicative with Defendant's coercive action in this district. The first-filed rule "is not a mandate directing wooden application . . . ." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 972 (3d Cir. 1988). The Third Circuit has affirmed a decision of this district declining to hear a declaratory judgment action in favor of a second-filed action for coercive relief. *See Honeywell Int'l Inc. v. Int'l Union*, 502 F. App'x 201, 206 (3d Cir. 2012). Other circuits have also applied "a presumption that a first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (internal quotation omitted); *see also Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) ("[W]here the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief[,] we ordinarily give priority to the coercive action, regardless of which case was filed first.").

This presumption is consistent with the purposes of the Declaratory Judgment Act, which serves to "afford [a party] an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." *Travelers Ins. Co. v. Davis*, 490 F.2d at 543. Here,

Defendant has already brought a coercive action, and Plaintiff has already answered Defendant's complaint. Plaintiff faces no uncertainty and no risk of having damages accrue while its adversary waits to bring a suit. Nor is there a conflict between Plaintiff's and Defendant's choice of forum, as both actions have been filed in this district. By declining to exercise its discretion to hear Plaintiff's suit for a declaratory judgment, the Court will conserve judicial resources and the resources of the parties. Because the Court will dismiss this action, it need not consider Defendant's alternative motion to consolidate the parties' actions.

## CONCLUSION

Defendant's motion to dismiss is granted. An appropriate order follows.

DATE: 10 August 2016

William H. Walls
Senior United States District Court Judge